IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-347-D

| | |
|---|---|
| PAMELA MELVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM &** |
| | ) **RECOMMENDATION** |
| | ) |
| MICHAEL ASTRUE, Commissioner of | ) |
| Social Security, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This cause is before the Court upon the following motions:

1) Defendant Michael Hutchinson's motion to dismiss (DE-23);

2) Plaintiff's motion for Defendant Hutchinson to provide a more definite statement (DE-27);

3) Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") motions to dismiss (DE's 38-40);

4) Defendant Combat Support Associates' ("Combat") motion to dismiss (DE-41);

5) Plaintiff's motion to voluntarily dismiss certain Defendants and certain claims from her case (DE-45);

6) Plaintiff's motion to compel discovery (DE-47);

7) The motion to dismiss filed by Defendants Michael Astrue, Senator Richard Burr, John Carlo, the Honorable Louise Flanagan, Ashley Harder, George Holding, Rudy Renfer, and Edison Sessoms ("Federal Defendants") and Defendant Julia Gamble (DE's 49, 58); and

8) Plaintiff's motions to stay, to amend, and for default judgment (DE's 51, 63, 66).

Each of the motions has been referred to the undersigned (DE-68) and is now ripe for

adjudication.

Plaintiff's Complaint is rambling and difficult to decipher. Its narrative is generally incoherent, and therefore the precise nature of her claim is unclear. Apparently, Plaintiff alleges, *inter alia*, that government officials conspired with homeless clinics and hospitals to deny her disability benefits and prevent her from receiving mental health and other treatment at Veterans Affairs ("VA") hospitals. Moreover, one of the few facts that is clear about Plaintiff's Complaint is that she is essentially using these claims as a vehicle to appeal other cases in this Court which have been decided against her. *See*, Melvin v. Astrue, 5:06-CV-306-FL; Melvin v. Social Security Administration, 5:09-CV-235-FL. Indeed, Melvin v. Social Security Administration, 5:09-CV-235-FL is currently being reviewed by the Fourth Circuit. *See*, Melvin v. Social Security Administration, 5:09-CV-235-FL, (DE's 90-102). This fact alone is sufficient to dismiss large portions of Plaintiff's complaint. This is because, generally, "[t]he Court will not entertain a second, separate lawsuit filed by the same individual, concerning the identical issue, involving one of the same parties named in the first lawsuit . . . [t]o do so would fly in the face of the important interests of judicial efficiency and economy." Baccus v. Byars, 2011 WL 4368835, * 2 fn. 4 (D.S.C. July 5, 2011)(" The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.")(*quoting*, Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)).

Likewise, several Defendants have moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93

2

(2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1947-1951.

However, Plaintiff, as a *pro se* litigant, is entitled to have her pleadings construed more liberally than those drafted by attorneys. *See* Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

Here, the undersigned has already noted that Plaintiff's Complaint is rambling and difficult to follow. Generally, it is unclear what claim any given factual assertion is attempting to support. Therefore, the undersigned finds that—even when liberally construed—Plaintiff's Complaint does not satisfy the Twombly/Iqbal standard. Plaintiff's allegations: 1) do not rise above a speculative level; 2) are frequently implausible on their face; and 3) only imply the mere

3

possibility of misconduct.

With those findings as a foundation, the undersigned shall now address the individually referred motions in turn.

## I. Defendant Hutchinson's motion to dismiss (DE-23) and Plaintiff's motion for a more definite statement (DE-27)

Plaintiff's allegations against Defendant Hutchinson are relatively sparse. She seems to allege that Dr. Hutchinson, a physician with Highsmith Rainey Hospital, conspired with attorneys for the Social Security Administration ("SSA") and the VA to deny Plaintiff treatment for injuries allegedly sustained when Plaintiff slipped at a Wal-Mart. (DE-1, pg. 14-16, 43). Plaintiff alleges that Dr. Hutchinson ordered x-rays of Plaintiff's right hip and, after x-rays were complete, talked with her and released her from the emergency room. *Id*. at pg. 16. According to Plaintiff, Dr. Hutchinson kept a hospital security officer with him while he examined her and never fully entered Plaintiff's examination room. *Id.* In her claim for relief, Plaintiff alleges that "the conspiracy between Sessoms and Carlo [counsel for the SSA and VA], they and Dr. David Hutchison [sic] of the Highsmith Rainey Hospital, conspired… to deny plaintiff equal protection of the laws, and/or equal privileges and immunities under the law." *Id.* at pg. 43. Finally, Plaintiff further alleges that this conspiracy was motivated "by the belief that a black person, such as plaintiff, has little or no right that they are bound to respect, by the intent to discrimination [sic] against a black person and to deprive a black person, the plaintiff, of federally protected rights." *Id.* at pg. 43-44.

Defendant Hutchinson first argues that Plaintiff's claims against him fail to satisfy the Twombly/Iqbal standard. The undersigned agrees, and recommends that his motion to dismiss (DE-23) be granted for that reason.

4

In addition, while not entirely clear, it appears that Plaintiff's claim against Defendant Hutchinson is based on 42 U.S.C. § 1985(3). To state a claim under § 1985(3), Plaintiff must allege facts sufficient to support "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Green v. Maroules, 211 Fed. Appx. 159, 162 (4th Cir. 2006) (*quoting* Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995)). "Moreover, the law is well settled that to prove a section 1985 conspiracy, a claimant must show an agreement or a meeting of the minds by defendants to violate the claimant's constitutional rights." *Id.* (quotation omitted).

Plaintiff does not allege facts suggesting that the alleged co-conspirators have any knowledge of one another at all, much less that they reached a "meeting of the minds," as is required for a § 1985(3) claim. Green, 211 Fed. Appx. at 162. She also fails to meet the second element of a § 1985(3) claim by failing to allege any facts supporting her bald allegation that the alleged conspiracy was motivated "to deprive a black person… of federally protected rights." (DE-1, pg. 46). The Fourth Circuit has held that: "[s]imply identifying . . . [oneself] as an African American and describing the defendants' conduct as 'race hate abuse' . . . [is not] sufficient to state a claim under § 1985(3)." Green, 211 Fed. Appx. at 163. Here, Plaintiff fails to allege that the supposed co-conspirators had any knowledge of her race or that she was treated differently from others under similar circumstances. Plaintiff also fails to allege what, if any, federally protected right was deprived and how that deprivation harmed her. While Plaintiff asserts that she was deprived of medical treatment and harassed, she fails to allege how the treatment was insufficient or how she was allegedly harassed.

5

Finally, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant Hutchinson provide a more definite statement in support of his motion to dismiss. Specifically, Plaintiff asserts that "Defendant Hutchinson's motion to dismiss is so vague and ambiguous that Plaintiff cannot reasonably prepare a response." (DE-28, pg. 2). The undersigned disagrees. On the contrary, the motion is well briefed and well argued. (DE-24). A more definite statement is not required, as Defendant Hutchinson's motion to dismiss speaks for itself. Khair v. Countrywide Home Loans, Inc., 2010 WL 2486430 (E.D.Va. June 14, 2010)("Motions for more definite statements are not favored . . . [and] are designed to strike at unintelligibility rather than simple want of detail.")(quotations and citations omitted)). Moreover, a motion to dismiss is not a "pleading" under Rule 7(a). Shepard v. Lowe's Food Stores, Inc., 2009 WL 4738203 (E.D.N.C. December 7, 2009)("A motion to dismiss . . . is not a pleading . . .").

For these reasons, it is RECOMMENDED that Defendant Hutchinson's motion to dismiss (DE-23) be GRANTED and that all claims against Defendant Hutchinson be DISMISSED. In addition, Plaintiff's motion for a more definite statement (DE-27) is DENIED.

## II.  Wal-Mart's motions to dismiss (DE's 38-40)

Wal-Mart has filed three separate motions to dismiss stating the following bases:  1) insufficient process and insufficiency of process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; 2) Plaintiff incorrectly named Wal-Mart in the Complaint; and 3) Plaintiff has failed to state a claim against Wal-Mart. (DE's 38-40). These motions are not accompanied by a memorandum in support. Accordingly, it is RECOMMENDED that these motions be DENIED WITHOUT PREJUDICE for failing to comply with Local Civil Rule 7.1(d)

6

Case 5:10-cv-00347-D   Document 69   Filed 10/14/11   Page 6 of 19

### III. CSA's motion to dismiss (DE-41)

Combat seeks dismissal of Plaintiff's claims against it, alleging that: 1) this Court lacks personal jurisdiction over Combat; 2) this Court lacks subject matter jurisdiction over Plaintiff's claims; and 3) Plaintiff fails to state a claim against Combat for which relief can be granted.

In her Complaint, Plaintiff alleges that she received an employment offer from Combat in February, 2008. (DE-1, ¶ 74). She accepted this offer and began employment with Combat in Kuwait on April 4, 2008. *Id.* at ¶¶ 75-76. Plaintiff was scheduled to complete her training on April 24, 2008, although she was unable to do so because she became ill on April 23, 2008. *Id.* at ¶ 77. When Plaintiff reported her illness to a training supervisor, she was told that she would be terminated if she failed to complete her training. *Id.* at ¶ 78. Ultimately, Plaintiff failed to complete her training and was terminated from employment. *Id.* at ¶ 81. Plaintiff was prohibited from returning to the U.S. Army base in Kuwait on which Combat's officials were located. *Id.* Combat subsequently paid Plaintiff's airfare to return to the United States from Kuwait. *Id.* at ¶82. Plaintiff alleges that Combat discriminated against her during her employment in Kuwait by giving male employees preferential treatment. For example, she alleges that male employees were permitted to seek outside medical treatment during training and she was not. *Id.* at ¶¶ 78, 83, 84. She also contends that male employees were given additional opportunities to complete their training before they were terminated from employment. *Id.* at ¶ 85.

### A. Lack of Personal Jurisdiction

Combat first argues that these claims should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. When a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden "to prove grounds for jurisdiction by a preponderance of the evidence." Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60

7

(4th Cir. 1993). "If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)(emphasis added). When a court examines personal jurisdiction "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing" of personal jurisdiction. *Id*. Under such circumstances, a court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id*.

"[I]n order for a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied. First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). However, because the North Carolina long-arm statute allows the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, Dillon v. Numismatic Funding Corp., 231 S.E. 2d 629, 630-631 (N.C. 1977), the normal two-step inquiry merges into one. Ellicott Machine Corporation, Inc. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). In determining whether the exercise of personal jurisdiction comports with due process, "the constitutional touchstone remains whether defendant purposefully established 'minimum contacts' in the forum." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)(citation omitted).

A plaintiff may demonstrate that the defendant has "minimum contacts" with the forum

state by showing grounds for either specific or general jurisdiction. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

General jurisdiction is appropriate when the plaintiff seeks to assert a claim that is unrelated to the defendant's forum activities. Helicopteros, 466 U.S. at 414 n. 9. For general jurisdiction, a defendant must have "continuous and systematic" contacts with the forum. *Id.* at 414-416. This is a more demanding standard than is necessary for establishing specific jurisdiction. ALS Scan, Inc. v. Digital Service Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)(citing Helicopteros, 466 U.S. at 414 n.9). "Broad constructions of general jurisdiction should be generally disfavored." Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1200 (4th Cir. 1993).

Specific jurisdiction exists when the cause of action arises from or is related to the defendant's contacts with the forum state. Helicopteros, 466 U.S. at 414-16. Determining whether specific jurisdiction exists requires an evaluation of "(1) the extent to which the defendant 'purposefully availed' [herself] of the privilege of conducting activities in the State; (2) whether the plaintiff[']s[] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" ALS, 293 F.3d at 711-12 (*citing* Christian Science, 259 F.3d at 215). *See also*, Helicopteros, 466 U.S. at 414, n.8.

Here, Combat is a joint venture formed under the laws of the State of California by AECOM Government Services, Inc. ("AGS") and two other separate, private entities. (DE 42-1, ¶3). AGS owns the majority interest in Combat and is managing partner in the joint venture. Combat was formed to provide support to military operations in Kuwait under the "Combat Service Support Contract-Kuwait" ("CSSC-K"). Combat has no employees outside of Kuwait and the contract was performed in Kuwait, with rare activities in Iraq. *Id.* Combat formed CSA, Ltd.,

9

a wholly-owned, non-U.S. corporation to perform nonclassified work under the CSSC-K in Kuwait. CSA, Ltd. performs no work in the United States. *Id*. at ¶4. Neither Combat nor CSA, Ltd. has employees, property, offices, or other facilities in the State of North Carolina. Neither Combat nor CSA, Ltd. are registered to do business in North Carolina, have or have ever had any contracts or projects in the State of North Carolina, or have ever performed any work in the State of North Carolina. *Id*. at ¶6. Similarly, Plaintiff was trained and performed all work for Combat in Kuwait. Plaintiff did not perform any work for, or receive training from, CSA, Ltd. or Combat Support Associates in the State of North Carolina. *Id*. at ¶7. Significantly, Plaintiff also has not alleged that any activities related to her very brief employment took place within the State of North Carolina. In fact, all of the alleged conduct upon which Plaintiff bases her claims against Combat took place exclusively in Kuwait. She received no training and performed no work for Combat in North Carolina. (DE 42-1, ¶ 7). Based on these facts, the undersigned finds that neither general nor specific jurisdiction exists.

Accordingly, the undersigned finds that this Court lacks personal jurisdiction over Combat. Combat does not have regular or ongoing contacts with North Carolina, and none of the conduct underlying Plaintiff's claim against Combat took place in North Carolina. Therefore, Plaintiff's claims against Combat should be dismissed.

**B. Lack of Subject Matter Jurisdiction**

Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting

the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id*. The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id*.

Here, the only cause of action directed at Combat is an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). (DE-1, ¶¶ 181-188). However, there is no evidence that Plaintiff obtained a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") before filing the instant action. *See*, 42 U.S.C. § 2000e-5(f)(1). Title VII creates a federal cause of action for employment discrimination. Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 136 (4th Cir. 1995). Before a district court can assume jurisdiction over a Title VII claim, the claimant must have exhausted the administrative procedures contained in 42 U.S.C. § 2000e-5(b), which requires an investigation and determination by the EEOC as to whether "reasonable cause" exists to believe that the charge of discrimination is valid. *Id*. at 137. Action by the EEOC is a "predicate for litigation based on the federal statute," as a complaint cannot be brought before a district court until the EEOC has determined the validity of the claim. *Id*. at 137-38 (internal quotation marks, citation omitted). A "right-to-sue" letter issued by the EEOC is "essential to initiation of a private Title VII suit in federal court." *Id*. *See also*, Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) (before bringing suit under Title VII, plaintiff must first exhaust administrative remedies by filing a charge with the EEOC). Plaintiff's failure to indicate whether EEOC has issued a right to sue letter in this matter provides an alternate basis for dismissing her claims.

11

## C. Failure to state a claim

Finally, the undersigned reiterates that Plaintiff's entire Complaint fails to satisfy the requirements of Twombly and Iqbal. Moreover, Plaintiff alleges that that Combat "deprived plaintiff of equal protection of the laws, and/or equal privileges and immunities under the law". To the extent that the Complaint can be read as attempting to state claims against Combat under the Fourteenth Amendment of United States Constitution, these claims are not viable against a purely private entity like Combat and should be dismissed. Equal protection of the law is guaranteed by the Fourteenth Amendment to the United States Constitution. Claims for violations of the Fourteenth Amendment are not cognizable against a private entity, but rather require some type of governmental action. San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, fn. 21 (1987)("The Fourteenth Amendment applies to actions by a State."); Blum v. Yaretsky, 457 U.S. 991, 1002-03 (1982)("'[T]he action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful.'") (citations omitted). Plaintiff has not alleged that Defendant is a governmental actor or that Defendant acted under color of federal or state law. There exists no cause of action against a private employer under the Fourteenth Amendment. *See, e.g.*, Am. Mfrs. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir.), *cert. denied*, 540 U.S. 822 (2003).

For each of these reason, it is recommended that Combat's motion to dismiss (DE-41) be GRANTED.

## IV. Plaintiff's motion to voluntarily dismiss (DE-45)

On May 31, 2011, Plaintiff filed a document stating that she wished to voluntarily "dismiss

12

Case 5:10-cv-00347-D   Document 69   Filed 10/14/11   Page 12 of 19

the Sixth through the Eleventh Causes of Action of this case and to also dismiss the following defendants: Michael Astrue, Judge Louise Flanagan, John Carlo, Senator Richard Burr, Rudy Renfer, Ashley Harder, Hank Debnam, Mr. Everett and George Holding." (DE-45). It is RECOMMENDED that this request be GRANTED. Plaintiff's motion does not specify whether this dismissal should be with or without prejudice. Rule 41(a)(2) of the Federal Rules of Civil Procedure authorizes this Court to dismiss Plaintiff's claims with prejudice. Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986)(Rule 41(a)(2) "at least implicitly . . . grants a district court power to dismiss with prejudice."). Because Plaintiff's claims against these Defendants fail to satisfy the Twombly/Iqbal standard and are without merit, the undersigned recommends this dismissal be WITH PREJUDICE.

## V. Plaintiff's motion to compel (DE-47)

Plaintiff has filed a motion to compel discovery. (DE-47). Specifically, Plaintiff requests "an order requiring Wal-Mart to produce copies of the video recording of Plaintiff's slip and fall in the Wal-Mart business located on Skibo Road in Fayetteville, NC on the morning May 6, 2009." (DE-48, pg. 1). Wal-Mart has not responded to this motion and the time for doing so has expired.

Federal Rule of Civil Procedure 26(b)(1) states in relevant part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." F.R.Civ.P. 26(b)(1). In order to be relevant, the information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Thus, the scope of discovery is broad and, moreover, Wal-Mart has failed to lodge any objections to this discovery in the form of a response.

Regardless, Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue

orders limiting or staying discovery. Specifically:

> A court may properly exercise its discretion under Rule 26(c) to stay discovery pending resolution of dispositive motions. Tilley v. United States, 270 F, Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 Fed. Appx. 333 (4th Cir. 15 Jan. 2004), *cert denied*, 543 U.S. 819 (2004). Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motions. *See id.* at 735; Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1998). Conversely, discovery ordinarily should not be stayed when it is necessary to gather facts in defense of the motion. Tilley, 270 F. Supp. 2d at 734; Simpson, 121 F.R.D. at 263.
>
> Yongo v. Nationwide Affinity Ins. Co. of America, 2008 WL 516744 (E.D.N.C. 2008), at *2 (footnote omitted).

The undersigned has already recommended that Wal-Mart's motion to dismiss be denied without prejudice. Thus, while Wal-Mart does not have a pending dispositive motion, it will likely re-file its motion and discovery will likely be irrelevant to the issues presented in the renewed motion to dismiss. Accordingly, it is RECOMMENDED that discovery be stayed in this matter. Based on this recommendation, Plaintiff's motion to compel (DE-47) is DENIED.

## VI. Federal Defendants' and Defendant Gamble's motions to dismiss (DE's 49, 58)

The Federal Defendants and Defendant Julia Gamble move to dismiss Plaintiff's Complaint pursuant to Rule 4(m) of the Federal Rules of Civil procedure (DE's 49, 58), which provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . ." F.R.Civ. P. 4(m). As an initial matter, the undersigned notes that Plaintiff has already sought to voluntarily dismiss her claims against each of the Federal Defendants except Defendant Edison Sessoms, and

14

thus this motion is moot in large part.

Nonetheless, proper service of process under Rule 4 (or waiver of service under Rule 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999). For these Defendants, service is governed by Rule 4(i), which states:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> **(1) United States.**
>
> To serve the United States, a party must:
>
> (A)
>
> (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought — or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk — or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> **(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.**
>
> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
> **(3) Officer or Employee Sued Individually.**
>
> To serve a United States officer or employee sued in an individual capacity

for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

**(4) Extending Time.**

The court must allow a party a reasonable time to cure its failure to:

(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

(B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

F.R.Civ.P. 4(i)(emphasis in original).

Plaintiff has not complied with the requirements of Rule 4(i). The instant Complaint was filed on August 27, 2010. (DE-1). On two occasions, the Court has granted Plaintiff an extension of time to effect service. (DE's 8 & 20). The most recent extension granted Plaintiff until April 21, 2011 to complete service of summons, however, that order also stated that no further extensions would be granted. (DE-20). Plaintiff concedes that she has not complied with this deadline (DE-34, pg. 5), and in her response simply requests "an extension of time to serve the United States Attorney with process." (DE-55). In light of this Court's previous order that no further extensions would be granted, the undersigned RECOMMENDS that Plaintiff's request be DENIED. Plaintiff has already been granted a reasonable time to cure her failure to effect service, and has not shown good cause for her failure to do so. Therefore, it is RECOMMENDED that the Federal Defendants' and Defendant Julia Gamble's motions to dismiss (DE's 49, 58) be GRANTED.

16

### VII.  Plaintiff's motions to stay, amend, and for default judgment (DE's 51, 63, 66)

Plaintiff has also filed a motion styled as a "motion to stay" in which she "requests this Court to stay her amended the complaint [sic] that is required to be filed 21 days of receiving the valid motion to dismiss under Rule 12(b) which was filed by [Combat] on May 24, 2011." (DE-51).  Thus, it appears that Plaintiff is requesting leave to amend her Complaint.  Plaintiff has also filed several other responses, memoranda. and motions that could be construed as requests for leave to amend.  *See,* DE's 54, 63, 66, 67.

Rule 15(a) of the Federal Rules of Civil Procedure states that a party's pleadings may be amended upon written consent of the adverse party or by leave of court.  Leave to amend the pleadings "shall be freely granted when justice so requires."  The liberal policy for allowing amendments to pleadings should be followed unless the Court finds a justifying reason for disallowing the amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).  In all instances, leave to amend should be given freely in the absence of undue delay, bad faith, improper motive, futility, undue prejudice to the opposing party, or some other justifying reason.  Bireline v. Seagondollar, 567 F.2d 260 (4th Cir. 1977).

Pursuant to Rule 15(a), Plaintiff had until June 1, 2011 to amend her Complaint as of right.  F.R.Civ.P. 15(a).  Plaintiff first requested leave to amend on June 14, 2011.  (DE-54).  Moreover, the jurisdictional and subject matter deficiencies of Plaintiff's Complaint have already been discussed. Tellingly, in her requests to amend, Plaintiff does not actually propose any amendments to cure these deficiencies.  Rather, she argues that she "requires" the Court to rule on all pending motions "to determine whether  . . . [her claim] truly has deficiencies and how she needs to cure the deficiencies if they exist."  (DE-52, pg 3).  For these reasons, the undersigned RECOMMENDS that Plaintiff's requests to amend her Complaint (DE's 51, 54) be DENIED.

17

*See* HCMF Corp. v. Allen, 238 F.3d 273, 277 (4th Cir. 2001) (proposed amendment was futile where added claim was not legally cognizable); HealthSouth Rehabilitation Hosp. v. American Nat'l Red Cross, 101 F.3d 1005, 1011-12 (4th Cir. 1996)(proposed amendment was futile because allowing it would have "at most, delayed the inevitable dismissal" of the plaintiff's claims).

Finally, Plaintiff has also filed several documents requesting the entry of a default judgment against Defendant Julia Gamble. *See*, DE's 63, 64, 66, 67. Rule 55 of the Federal Rules of Civil Procedure states in pertinent part: "[w]hen a party against whom a judgment for affirmative relief his sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." F.R.Civ.P. 55(a). However, Rule 55 also states that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." F.R.Civ.P. 55(d). The Government has certified that Defendant Julia Gamble was "acting . . . as a deemed employee of the United States Department of Health and Human Services at the time of the incidents alleged in the Complaint." (DE-65, pg. 1). Here, the undersigned has already determined that Plaintiff's Complaint does not satisfy the Twombly/Iqbal standard, and therefore fails to establish a claim as required by Rule 55 for default judgment against the United States. Moreover, Defendant Julia Gamble has not been properly served. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. Omni Capital Int'l, Ltd. v. Wolff & Co., 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed.R.Civ.P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (*quoting* Mississippi Publishing Corp. v. Murphee, 326 U.S. 438, 444–45 (1946))); Cent. Operating Co. v. Util. Workers of Am., 491 F.2d

18

245, 249 (4th Cir. 1974) (reversing lower court's decision to enter default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with summons and complaint). For these reasons, it is RECOMMENDED that Plaintiff's requests for the entry of a default judgment be DENIED.

**Conclusion**

For these reasons, it is:

1) RECOMMENDED that Defendant Hutchinson's motion to dismiss (DE-23) be GRANTED;

2) ORDERED that Plaintiff's motion for Defendant Hutchinson to provide a more definite statement (DE-27) be DENIED;

3) RECOMMENDED that Wal-Mart's motions to dismiss (DE's 38-40) be DENIED WITHOUT PREJUDICE for failure to comply with Local Civil Rule 7.1(d);

4) RECOMMENDED that Combat's motion to dismiss (DE-41) be GRANTED;

5) RECOMMENDED that Plaintiff's motion to voluntarily dismiss certain Defendants and certain claims from her case (DE-45) be GRANTED and that those claims be DISMISSED WITH PREJUDICE;

6) ORDERED that Plaintiff's motion to compel (DE-47) be DENIED. It is further RECOMMENDED that discovery be stayed in this matter;

7) RECOMMENDED that the Federal Defendants' and Defendant Julia Gamble's motions to dismiss (DE's 49, 58) be GRANTED; and

8) RECOMMENDED that Plaintiff's motions to stay, to amend, and for default judgment (DE's 51, 63, 66) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, October 14, 2011.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE