IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-00347-D

| | | |
|---|---|---|
| PAMELA MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **& RECOMMENDATION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This cause comes before the Court upon a motion to dismiss Plaintiff's complaint by defendant Wal-Mart Stores ("Wal-Mart"). (DE-81). Plaintiff has not responded and the time for doing so has expired. Accordingly, the matter is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b), this matter was referred to the undersigned for entry of a memorandum and recommendation. The undersigned recommends that Wal-Mart's motion to dismiss be granted.

As grounds for the motion, Wal-Mart notes that on December 16, 2011, the Court adopted the memorandum and recommendation submitted by the undersigned and dismissed all of Plaintiff's claims, except for those against Wal-Mart. (DE-79, DE-80). In so doing, the Court dismissed all federal claims asserted by Plaintiff in this case. Plaintiff's remaining claims against Wal-Mart are solely state law tort claims arising from an incident in which she slipped and fell at a Wal-Mart store located in Fayetteville, North Carolina. (DE-1, ¶¶ 50-51). Wal-Mart argues that the dismissal of all other defendants eliminated any and all federal questions that would provide subject matter jurisdiction

pursuant to 28 U.S.C. § 1331. Likewise, contends Wal-Mart, there is no basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332, and no compelling reason for the Court to exercise supplemental jurisdiction over the remaining pendant state law claim after dismissal of all diverse parties and all federal questions. The undersigned agrees.

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C § 1367(c); *see also* Osborn v. Haley, 549 U.S. 225, 245 (2007) (noting that when the federal character of a removed case is eliminated, the district court has discretion to retain jurisdiction over the case, remand the case, or to dismiss the case). Here, no federal claims remain and the parties are not diverse. While maintaining jurisdiction over Plaintiff's state tort claim is within the Court's discretion, there are no compelling reasons why this Court should exercise such discretion. The undersigned therefore RECOMMENDS that Wal-Mart's motion to dismiss (DE-81) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 19th day of April, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE